**LOUISIANA CENTRAL LUMBER CO. v. FINLAY.**

No. 4856.

Court of Appeal of Louisiana. Second Circuit.

Dec. 5, 1934.

Thompson & Thompson, of Monroe, for appellant.

A. D. Flowers, of Jena, for appellee.

MILLS, Judge.

In this action plaintiff claims the ownership of some 2,000 pine boards found on the place of defendant in Catahoula parish. It alleges that defendant trespassed on the S. ½ of S. W. ¼ of section 24, township 10 north, range 5 east in said parish, owned by it together with the timber thereon, and out of said timber made, or caused to be made, the boards in controversy. Plaintiff values the boards at $50, but asks only to be decreed the owner of them and for damages in the sum of $100 for the trespass and the necessity of suing.

From a judgment rejecting its demand and dissolving the writ, plaintiff prosecutes this appeal.

Plaintiff's ownership of the land and the timber thereon is admitted. Defendant further admits that he made the boards out of blown down trees not belonging to him, but insists that these trees were not located on the land described in plaintiff's petition.

Plaintiff's timber agent, Frank Kees, testifies that on or about September 1, 1933, while cruising the extensive timber holdings of his employer, he found that five trees on the land in question that had blown down in the previous March had been worked and that 103 bolts made from them were still on the place. He took possession of, and removed, these bolts. Later, accompanied by H. M. Krause, a deputy sheriff, while on his way to the place of another party charged with appropriating the company's timber, he stopped at the home of defendant, not then under suspicion. Noticing a lot of newly made boards, he asked Finlay if he bought them. He says that Finlay became somewhat excited and stated that he made them up in the hills, pointing in the direction of the company's land, and at the same time accused Kees of taking his bolts. Kees states that Finlay admitted having made the boards at the same place where the bolts were found.

Krause does not remember much of the conversation, but does say that Finlay accused Kees of taking his bolts, and said that the company would have to prove its ownership of the boards.

Ralph McDaniels, who was with Kees when the bolts were found, states that several trees had been worked and the product removed besides that out of which the bolts had been made. Lovett, the company's surveyor, identifies the land and testifies that at least three trees had been worked on it.

Finlay, who offers only himself as a witness, testifies that he is unfamiliar with the section numbers of the lands in his parish, but is positive that the boards were not made

from trees on the land physically described by plaintiff's witnesses. He admits making the bolts found by Kees, but insists that only one tree was cut and that an old dead pine. He admits accusing Kees of taking his bolts, but denies that he stated the boards were made at the same place. He says that they were made about two miles from where the bolts were found. He says that a fellow on the place helped make the boards, but fails to tender him as a witness or explain his absence. We think this failure must be construed against him. He does not in any way identify or offer to point out the land from which he claims the boards were taken, further than to say that it was cut-over land and not in standing timber, as testified to by plaintiff's witnesses. He says that he does not deny getting the boards off of plaintiff's land, but that he did not get it off the particular land described by Kees.

Though reluctant to reverse a lower court on a question of fact, we are satisfied that plaintiff has made out its case, except as to the damages claimed, and that the judgment appealed from is manifestly erroneous.

It is accordingly reversed, and judgment now rendered recognizing and decreeing plaintiff to be the owner of the boards seized and maintaining the writ of sequestration; defendant to pay the costs of both courts.